UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VONNIE G. SANCHEZ**, individually,
and as Personal Representative of the Estate of
**VONYY SANCHEZ**, deceased,

      Plaintiff,

v.                                                    No. 14-CV-702 JAP/GBW

**TOYOTA MOTOR SALES, U.S.A., INC.**,
**TOYOTA MOTOR CORPORATION**,
and **ISRAEL SANCHEZ**,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 4, 2014, Plaintiff Vonnie Sanchez ("Plaintiff") filed a MOTION TO REMAND ("Motion to Remand") (Doc. No. 12). On September 18, 2014, Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation ("Toyota Defendants") filed DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AND TOYOTA MOTOR CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ("Response") (Doc No. 19). On October 1, 2014, Plaintiff filed a REPLY TO DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S AND TOYOTA MOTOR CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND MOTION TO REMAND [sic] ("Reply") (Doc. No. 20). After reviewing the parties' briefs and relevant law, the Court will grant Plaintiff's Motion to Remand.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint filed in New Mexico state court on June 10, 2013 (Doc. No. 1-1). Vonyy Sanchez was driving a 2003 Toyota Tacoma pickup in Lea County, New Mexico on November 22, 2012. Vonnie Sanchez, the named plaintiff and personal representative of Vonyy's estate, was a passenger in the truck. The truck rolled over and the roof collapsed, killing Vonyy and dealing severe injuries to Vonnie. Plaintiff's Complaint seeks compensatory and punitive damages from the Toyota Defendants for claims of products liability and negligence, and from Defendant Israel Sanchez for negligence. Complaint at 3–5.

On August 8, 2014, the Toyota Defendants filed a Notice of Removal (Doc. No. 1) based on diversity jurisdiction. The parties do not dispute that the amount in controversy in this case exceeds $75,000, that the Toyota Defendants are citizens of another state, and that Israel Sanchez is a citizen of New Mexico. The Toyota Defendants argue this Court has jurisdiction over this case even though the parties are not completely diverse, *see* 28 U.S.C. § 1332(a)(1), because Plaintiff "fraudulently joined" Israel Sanchez in order to prevent removal. Doc. No. 1.

**LEGAL STANDARD**

Any case brought in state court may be removed to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A defendant may remove an initially non-removable case (for example, a case where a citizen of the same state as the plaintiff has been joined as a defendant) when the defendant receives a paper or pleading "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Even when a case still has a named defendant who shares citizenship with the plaintiff, a defendant may remove if the plaintiff fraudulently joined the non-diverse defendant. "Fraudulent joinder" is a term of art; it does not require the defendant to prove actual fraud; it only requires

the defendant to show that the plaintiff is unable to establish a cause of action against the non-diverse party. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

## DISCUSSION

**A. Whether the Toyota Defendants have shown Plaintiff fraudulently joined Israel Sanchez**

1. <u>Plaintiff has a reasonable basis for recovering against Israel Sanchez</u>

The Tenth Circuit Court of Appeals has characterized the defendant's burden in showing the plaintiff is unable to establish a cause of action against a non-diverse plaintiff as a "high hurdle." *Dutcher v. Matheson*, 733 F.3d 980, 989 (10th Cir. 2013). But the Tenth Circuit has not set the hurdle's height, as it were. Courts in this district have interpreted the Tenth Circuit's "high hurdle" language as essentially adopting the Fifth Circuit's test for fraudulent joinder in *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242 (5th Cir. 2011), which requires a defendant resisting a motion to remand to show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Cuevas*, 648 F.3d at 249; *see also Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1231 (D.N.M. 2013) (Browning, J.) (discussing *Dutcher*'s reliance on *Cuevas*).

Whether Plaintiff might be able to recover against Israel Sanchez for negligence turns on New Mexico's substantive law on negligence. To present a successful claim for negligence under New Mexico law, a plaintiff must prove the following elements: duty; a breach of that duty based on a failure to exercise reasonable care; and the breach was the actual and proximate cause of the plaintiff's injuries. *Herrera v. Quality Pontiac*, 134 N.M. 43, 47–48, 73 P.3d 181, 185–86 (N.M. 2003).

Plaintiff argues she has a reasonable basis for recovery on the merits of her negligence claim against Israel Sanchez because he negligently installed tires larger than the size recommended by the manufacturer on the Toyota Tacoma in which Plaintiff was injured. Motion to Remand at 9.[1] In support of this argument, Plaintiff attached an affidavit to her Motion to Remand executed by Michael Huerta, a retained expert. In that affidavit, Mr. Huerta states that the owner of the 2003 Toyota Tacoma (i.e., Defendant Israel Sanchez), had equipped the truck with "tires taller than the tires recommended by the manufacturer." Huerta Affidavit, Doc. No. 12-5 at 2. Mr. Huerta's affidavit goes on to state Israel Sanchez's negligent installation of larger tires made the Tacoma "more prone to rolling over in an accident." *Id.*

    2. <u>Plaintiff's deposition testimony does not show fraudulent joinder.</u>

The Toyota Defendants also argue Plaintiff's admission at her deposition that she did not blame Israel Sanchez for the accident shows fraudulent joinder. Response at 7. If a plaintiff formally dismisses or settles all claims against non-diverse defendants, then the remaining defendants' basis for asserting diversity jurisdiction would be unassailable. But this is simply to restate a foreign defendant's statutory right to remove a case after being served with a paper or other pleading indicating "postcommencement satisfaction of federal jurisdictional requirements[.]" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (citing 28 U.S.C. § 1446(b)).

Instead, the Toyota Defendants argue *Ramirez v. Michelin North America, Inc.*, 2007 WL 2126635, No. C-07-228 (S.D. Tex. July 19, 2007) provides a basis for retaining jurisdiction even

---

[1] Plaintiff also argues she has a reasonable basis for recovery against Israel Sanchez because Plaintiff may obtain a default judgment against Defendant Israel Sanchez after he failed to answer Plaintiff's complaint. Motion to Remand at 10; *see* FED. R. CIV. P. 55(b); Rule 1-055(B) NMRA. Although Plaintiff may seek a default judgment against Israel Sanchez, whether this constitutes a reasonable basis for recovery depends on the same question as whether she has a reasonable basis for recovery on the merits, since a court ruling on a motion for default judgment must "consider whether the unchallenged facts constitute a legitimate cause of action[.]" 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998); *see also Gallegos v. Franklin*, 89 N.M. 118, 123, 547 P.2d 1160 (N.M. Ct. App. 1976) ("Generally, a default judgment precludes a trial of facts, except as to damages. The allegations of the complaint, in effect, become findings of fact." (citation omitted)).

where a non-diverse defendant has not been dismissed. *Ramirez* held a plaintiff fraudulently joined non-diverse defendants after the plaintiff had "definitely and unequivocally announced…no serious, good-faith intent to prosecute" the plaintiff's claims against those defendants. *Id.* at *4.

The Toyota Defendants do not allege that Plaintiff has actually settled or dismissed her negligence claim against Israel Sanchez; rather, they claim Plaintiff has brought (and continues to maintain) a claim against Israel Sanchez she has no real interest in pursuing, simply for the purpose of defeating this Court's diversity jurisdiction. Thus, whether the conduct at issue is Plaintiff's initial joining of Israel Sanchez or her failure to dismiss him from the action after testifying she did not blame him for the accident, the legal question governing Plaintiff's Motion to Remand remains the same: whether Plaintiff has joined Israel Sanchez without any reasonable basis for recovery.

This Court is not convinced that a plaintiff's testimony that the plaintiff does not "blame" a defendant for an accident necessarily establishes the plaintiff has no reasonable basis for recovery from the defendant. As Plaintiff points out, she is a lay witness with no experience or knowledge that would qualify her under FED. R. EVID. 701 to state an opinion about what caused the accident that injured her and killed Vonyy Sanchez. Motion to Remand at 8–9. Even if Plaintiff did testify before a jury that she did not blame Israel Sanchez for the accident, the jury could still render a verdict against Israel Sanchez by crediting expert testimony that Israel's negligent installation of larger-than-recommended tires caused the accident.

**B. The Toyota Defendants are not entitled to jurisdictional discovery.**

The Toyota Defendants argue they are entitled to "jurisdictional discovery" in order to "fairly respond" to Plaintiff's new evidence of negligence (i.e., the expert affidavit). Response at

22. The Toyota Defendants rely on *Cannon v. Fortis Ins. Co.*, 2007 WL 42460000, No. CIV-07-1145-F (W.D. Okla. Nov. 29, 2007), which allowed a removing defendant to seek discovery from the plaintiff after he submitted an affidavit alleging a non-diverse defendant had negligently or fraudulently induced the plaintiff to make premium payments to the non-diverse defendant instead of directly to the insurer, causing the plaintiff's coverage to lapse. *Id.* at *1. This arguably established a basis for equitably tolling the statute of limitations on plaintiff's negligence claims against the non-diverse defendant, which the removing defendants argued was tolled when plaintiff received a notice of cancellation more than a year prior to the alleged fraudulent inducement. *Id.*

The Toyota Defendants argue Plaintiff has engaged in similar conduct by providing an expert affidavit setting forth a theory for recovery against Defendant Israel Sanchez after only alleging a general negligence claim in her complaint. But this Court is not convinced by the reasoning in *Cannon* for two reasons. First, allowing jurisdictional discovery every time a plaintiff alleges general negligence and then provides an evidentiary basis for the claim in support of a motion to remand would penalize a plaintiff merely for complying with the letter and spirit of Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2), Rule 1-008(A)(2) NMRA; *see also* FED. R. CIV. P. Form 11.

Second, this Court does not see the merit of so-called "jurisdictional discovery" where, as here, the parties dispute the plaintiff's ability to recover but not the plaintiff's assertions of jurisdictional fact (i.e., citizenship of the parties or amount in controversy). The distinction is important because jurisdictional facts are easy enough for a removing party to ascertain without engaging in discovery on the merits of the plaintiff's claims. *McPhail v. Deere & Co.*, 529 F.3d

6

947, 954 (10th Cir. 2008). When fraudulent joinder alone is at issue, however, there is no principled way for this Court to exercise its discretion to allow discovery, *see id.*, because little separates "respond[ing] to new matters presented in a Plaintiff's motion to remand[,]" Response at 22, from simply denying Plaintiff's Motion to Remand and proceeding to full-blown discovery on Plaintiff's claim against Israel Sanchez.

### C. The Toyota Defendants have not shown Plaintiff has acted in bad faith so as to avoid Section 1446(c)(1)'s one-year period of limitation on removal.

28 U.S.C. § 1446 prohibits removal where, as here, the plaintiff's cause of action is more than one year old. 28 U.S.C. § 1446(c)(1). The parties have not briefed 28 U.S.C. § 1446(c)(1)'s procedural bar against removal of actions more than one year after their commencement, but the Toyota Defendants clearly removed the action more than one year after Plaintiff commenced it. *See* Doc. No. 1-1 at 8 (summons dated July 1, 2013); Doc. No. 1 (Notice of Removal dated August 8, 2014). Since Section 1446(c)(1) applies, the Toyota Defendants have the additional burden of showing that Plaintiff "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Fraudulent joinder is a common law rule allowing a court to exercise subject matter jurisdiction over a claim involving non-diverse opposing parties. *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). Section 1446(c)(1), on the other hand, is a procedural bar to removal that requires a defendant to show that the plaintiff acted to prevent the defendant from removing prior to the expiration of Section 1446(c)(1)'s one-year period of limitations. Thus, it is possible for a defendant to prove fraudulent joinder but still have a case remanded to state court for failing to remove less than one year after commencement of the action or showing that such failure was caused by the plaintiff's bad faith.

Proving bad faith requires more than a hunch that Plaintiff has made tactical choices in order to prevent removal. The fact that a plaintiff has asserted a claim arising from the same transaction or occurrence against a non-diverse defendant, *see* FED. R. CIV. P. 20(a)(2), in order to preclude federal diversity jurisdiction does not itself create grounds for removal. *Couch v. Astec Industries, Inc.*, 71 F.Supp.2d 1145, 1147 (D.N.M. 1999). The "plaintiff is the master of the claim" and may use this mastery within the bounds set by the law. *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As noted above, the Toyota Defendants have not shown that Plaintiff had no chance of recovering against Isreal Sanchez as a matter of law. But even if they had shown that much, they have failed to provide any evidence that Plaintiff joined Israel Sanchez in bad faith for the sole purpose of preventing removal. *See Hill v. Delta Int'l Mach. Corp.*, 386 F.Supp.2d 427, 432 (S.D.N.Y.2005) (finding fraudulent joinder but no strategic "gamesmanship" and remanding to state court due to the passage of the one-year deadline). Accordingly, Plaintiff's Motion to Remand should be granted for this reason alone.

## CONCLUSION

The Toyota Defendants have failed to show that Plaintiff cannot recover against Israel Sanchez for negligence as a matter of law or because Plaintiff testified that she did not blame Israel Sanchez for the accident. Defendants are not entitled to jurisdictional discovery. Finally, 28 U.S.C. § 1446(c)(1)'s limitations period applies in this case, and the Toyota Defendants have failed to provide any evidence that Plaintiff acted in bad faith in order to prevent the Toyota Defendants from removing the case less than a year from the date it was commenced.

IT IS ORDERED THAT:

(1) Plaintiff's Motion to Remand is GRANTED;

(2) The Clerk of Court will remand this case to the First Judicial District Court in Santa Fe, New Mexico.

_____

SENIOR UNITED STATES DISTRICT JUDGE